# Case No. 9,691.

## MOFFITT v. ROGERS et al.

[4 Ban. & A. 225.] [1]

Circuit Court, D. Massachusetts.   April, 1879. [2]

PATENTS—MACHINE FOR FORMING SHOE COUNTERS —PATENTABILITY.

1. The invention patented to the complainant, May 21st, 1872, numbered 127,090, for forming heel stiffeners or counters, by means of two rollers, is not infringed by a machine, for similar purposes, patented to Louis Coté, which operates with one roller working in a stationary mould.

2. The question of the patentability of defendant's invention, as affected by the practicability of his machine when compared with the complainant's, considered.

[This was a bill in equity by John R. Moffitt against Samuel B. Rogers, Stephen Moore, and Homer Rogers, for the infringement of reissued letters patent No. 6,162, granted to complainant December 8, 1874, the original letters patent No. 127,090 having been granted May 21, 1872.]

E. F. Hodges and J. E. Maynadier, for complainant.

---

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

2 [Affirmed in 106 U. S. 423, 1 Sup. Ct. 70.]

Chauncey Smith and T. L. Wakefield, for defendants.

LOWELL, Circuit Judge. The complainant obtained a patent in 1872, for an improvement in heel stiffeners or counters for boots and shoes. In his specification he describes a roller, shaped like the heel of a boot or shoe, set on a swing frame, and having a reciprocating or continuous rotary motion. This roller he calls a "former," and beneath it he places a roller having a profile the converse of, and conforming to, that of the "former." The mode of making a counter, as described, is, to place a piece of leather of suitable size and shape (usually called in the record a counter blank) centrally upon the "former," which is then brought down by a treadle, and the leather is rubbed or rolled, between the upper and lower rollers, as long as may be necessary to give it the shape of a counter. Two additional or auxiliary rollers are shown in one of the drawings, and are mentioned in the specification.

The defendants work under a patent granted to one Coté in 1874, in which a machine is described consisting of a spherical or spheroidal roller or head, rotating concentrically upon a shaft, in combination with a stationary mould, made concave in conformity with the head; the patent says that the head may be grooved to facilitate its grasp of the leather. The leather is drawn through, between the head and the mould, by the revolution of the head.

The Coté machine turns out counters of a spherical contour; but they are found to be useful, though they require to be brought to the exact shape of a heel by another operation. This machine has gone into use, and has proved of great advantage to the manufacturers, and the question to be decided is, which of the parties really invented the Coté machine?

The plaintiff is right, I think, in his contention that the Coté machine makes counters by rolling and rubbing, and not by moulding, and, therefore, the machine, as described, have a similar mode of operation. But the defendants insist that the Moffitt machine was not a practical working device, and would never have developed the utility of Coté's machine, and that the latter is not a mere modification or improvement of Moffitt's, but the first actual operative invention. There is no doubt that Moffitt had the idea of a machine to make counters by rolling and rubbing, as distinguished from moulding. He described a machine which he supposed would accomplish this result, but had not, at that time, proved it by experiment. About the time that Coté's patent came out, Moffitt made experiments, and built machines. It seems probable that Coté intended and expected to avoid the Moffitt patent, and that Moffitt intended and expected, by his reissue, to cover the Coté machine. And the question is, which has succeeded?

Upon the evidence, I find the real meritorious invention was Coté's. The plaintiff had the idea, but had not reduced it to practice so as to be able to describe a machine, which any person skilled in the art might construct, and make satisfactory counters. It is true, that if, instead of the roller or rollers of Moffitt, you make a stationary mould, so called, though it does not operate like a mould, corresponding to the forming roller, and if you crease or roughen the roller so that it will pull the leather through this stationary mould, you have the Coté machine, which is a very powerful and thoroughly working device; but it seems to require something more than ordinary mechanical skill to pass from one to the other, and without some such changes, the rollers of Moffitt will not make merchantable counters, as a practical every-day business, in a machine such as he describes. From this point of view the difference between a heel-shaped roller and a spherical one, though apparently slight, is not unimportant. The attempt of Moffitt was to make a perfect counter by one operation. A heel-shaped roller would do this, if it did anything satisfactorily; while a spherical roller makes an unfinished counter, which, to be sure, turns out to be of practical utility, because it works so rapidly and efficiently that the artisan can afford to apply another machine or operation to bring it to exact shape. The perfect counter has not yet been made, practically, by one operation. The counter which is nearly made is Coté's.

Finding these facts to be so, I must either construe the claims of the plaintiff's reissued patent to include only a machine with rollers, or hold them void as claiming more than he has described. Either way the defendants must prevail.

Bill dismissed with costs.

[On appeal to the supreme court the decree of this court was affirmed. 106 U. S. 423, 1 Sup. Ct. 70.]